**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 09-cv-01585-RPM

Michael Rosenzweig,

     Plaintiff,

vs.

Johns Manville,

     Defendant.

_____

# STIPULATED PROTECTIVE ORDER
_____

     Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS ORDERED:

     1. This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

     2. As used in this Protective Order, "document" is defined as provided in Fed.R.Civ.P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. Information designated "CONFIDENTIAL" shall be information that constitutes a trade secret or confidential commercial information pursuant to Colo. Rev. Stat. § 7-74-102(4) and Fed. R. Civ. P. 26(c)(1)(G). CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case.

4. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

a. attorneys actively working on this case;

b. persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

c. the parties;

d. the Court and its employees ("Court Personnel");

e. stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

f. deponents, witnesses, or potential witnesses; and

g. other persons by written agreement of the parties.

5. Prior to disclosing any CONFIDENTIAL information to any person listed above (other than the parties, counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he

or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

6. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

7. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

8. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the

motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

9. In the event Confidential Information is used in any court filing or proceeding in this action, it shall not lose its confidential status as between the parties through such use. Confidential Information and pleadings or briefs quoting or discussing Confidential Information will not be accepted for filing "under seal" or otherwise kept out of the public record in this action, however, except by court order issued upon motion of the party seeking to file the documents under seal. Any motion requesting leave to file documents under seal shall comply with the requirements of D.C.Colo.LCivR 7.3 and demonstrate that the Confidential Information at issue is entitled to protection. Counsel for any party wishing to submit any confidential information or document in a court filing or proceeding shall notify counsel for the party who designated such information or material confidential 48 hours prior to such filing or use so that the party claiming confidentiality may seek leave for said material to be submitted under seal as described above.

10. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, or the parties may

elect to destroy CONFIDENTIAL documents. Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

11. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

DATED: **September 8th, 2009**

BY THE COURT:

s/Richard P. Matsch

_____
Richard P. Matsch, Senior District Judge

**APPROVED BY COUNSEL:**
*s/ Benjamin Stone*
Thomas J. Munger
Benjamin Stone
Munger & Stone
999 Peachtree St., N.E.
Atlanta, GA 30309
tom.munger@mungerandstone.com
ben.stone@mungerandstone.com

Barry D. Roseman
McNamara, Roseman, Martinez &
Kazmierski, LLP
1640 East 18th Avenue
Denver, CO 80218
Phone: 303-333-8700
Fax: 303-331-6967
bdr@18thavelaw.com
**ATTORNEYS FOR PLAINTIFF**

*s/ J. Lee Gray*
Michael S. Beaver
J. Lee Gray
Holland & Hart LLP
6380 S. Fiddlers Green Circle, Suite 500
Greenwood Village, CO 80111
Phone: 303-290-1600
Fax: 303-290-1606
mbeaver@hollandhart.com
lgray@hollandhart.com

Steven T. Collis
Holland & Hart LLP
555 Seventeenth Street, Suite 3200
P.O. Box 8749
Denver, CO 80201-8749
Phone: 303-295-8384
Fax: 303-974-1708
stcollis@hollandhart.com
**ATTORNEYS FOR DEFENDANT**
4592730_1.DOC